BEDWELL *v.* STATE OF INDIANA.

[No. 26,627. Filed May 1, 1936.]

*Winfield M. Fox* and *Ralph E. Brill,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, *Caleb J. Lindsey* and *Henry R. Wilson,* Assistant Attorneys-General, for appellee.

TREMAIN, J.—The appellant was indicted, tried, and convicted on a charge of embezzling personal property. A motion to quash the indictment was overruled.

In his brief under "Errors Relied Upon for Reversal" he assigns the overruling of his motion to quash on the ground:

"That the facts stated in the indictment do not constitute a public offense."

Under "Points and Authorities" he makes a statement of one proposition only, as follows:

"The error relied upon by the appellant is the overruling of appellant's motion to quash the count in the indictment of embezzlement."

The record shows that he filed a motion for a new trial upon the grounds that the verdict is not sustained by sufficient evidence and is contrary to law. The ruling upon the motion for a new trial is not relied upon in his brief under either "Errors Relied Upon for Reversal" or "Points and Authorities."

The assignment of errors in this court contains but one proposition:

"The court erred in overruling appellant's motion for a new trial."

Since the appellant has wholly failed to discuss that question in his brief, but relied solely upon the overruling of his motion to quash, no question is presented to this court for consideration. If he desired to present to this court the question of overruling his motion to quash, it should have been presented by a separate assignment of error. If he relied

upon the ruling on the motion for a new trial, that question should have been presented and discussed under proper heading in the brief.

Judgment is affirmed.